# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2019

Lyle W. Cayce
Clerk

No. 17-20767
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALEJANDRO PADILLA MONTANO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-335-1

Before BENAVIDES, OWEN, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Alejandro Padilla Montano appeals the sentence imposed after he pleaded guilty to illegal reentry after a prior deportation. Citing *Peugh v. United States*, 569 U.S. 530 (2013), he argues that the district court violated the Ex Post Facto Clause by applying the 2016 Sentencing Guidelines in determining his sentencing guidelines range because the 2014 Sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20767

Guidelines, which were in effect at the time he was illegally found in the United States, would have resulted in a lower guidelines range.

Because Montano raises the argument for the first time on appeal, we review it for plain error, which requires him to show an error that is clear or obvious–rather than subject to reasonable dispute–and affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, this court has the discretion to correct the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks, brackets and citation omitted).

While this appeal was pending, we held that the Texas offense of burglary is not a generic burglary offense. *United States v. Herrold*, 883 F.3d 517, 520-37, 541-42 (5th Cir. 2018) (en banc), *petition for cert. filed* (Apr. 18, 2018) (No. 17-1445) and (May 21, 2018) (No. 17-9127). Therefore, under the 2014 Guidelines, Montano would not be subject to a 16-level enhancement of his offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2014) based on his prior burglary conviction. *See id.; United States v. Godoy*, 890 F.3d 531, 536 n.16 (5th Cir. 2018). Thus, his guidelines range under the 2014 Guidelines would have been less than his guidelines range under the 2016 Guidelines. *Herrold* is the controlling law in this circuit at this time and, therefore, the district court committed reversible error in applying the 2016 Guidelines in violation of the Ex Post Facto Clause. *See Peugh*, 569 U.S. at 532–33; *see also United States v. Broussard*, 669 F.3d 537, 553-55 (5th Cir. 2012) (holding that the law at the time of appeal controls).

Accordingly, the sentence is VACATED, and the case is REMANDED to the district court for resentencing.